**J. AUSTIN DUNLAP**
WSB 7-4586
PO Box 4803
Jackson, WY 83001
307-690-8568
307-316-8101 fax
austindunlap@gmail.com

**JEFFERY BENNETT** (Pro Hac Vice anticipated)
Legal-Ease LLC
198 Maine Mall Rd
South Portland, Maine 04106
207-805-0055
207-805-0099 fax
jbennett@legal-ease.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **Benoit Jean Francois Xavier Pellet,** | ) |
| Plaintiff, | ) )  )  ) |
| v. | ) ) Civil Action No. 23-cv-29 |
| **Pence and MacMillan, LLC** **and Devon P. O'Connell, Esq.** | ) )  )  ) |
| Defendants. | ) |

### COMPLAINT

Plaintiff Benoit Jean Francois Xavier Pellet ("Plaintiff") complains against Defendants Pence and MacMillan, LLC and Devon P. O'Connell, Esq (collectively "Defendants") as follows:

### PARTIES

1. Plaintiff Benoit Jean Francois Xavier Pellet is an individual and citizen of France.

2. Defendant Pence and MacMillan, LLC is a Wyoming business entity and law firm having its principal place of business in Laramie, Wyoming.

3. Defendant Devon P. O'Connell is an individual and citizen of Wyoming and an attorney licensed to practice law in Wyoming maintaining her regular and usual place of business at Laramie, Wyoming.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.S. §1332 on the grounds that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between, on the one hand, a citizen of France and, on the other hand, two citizens of Wyoming.

5. Venue is proper in this Judicial District because all Defendants are located in this Judicial District and it's where the wrongful acts or omissions occurred.

## FACTS

6. Pence and MacMillan is a Wyoming law firm. O'Connell, a Wyoming attorney, is a member, partner and/or employee of Pence and MacMillan. As an employee of Pence and MacMillan, Pence and MacMillan have supervisory authority and responsibility over O'Connell.

7. Beginning in or around November 2020, Plaintiff hired Defendants to represent him in a divorce, and Plaintiff entered into an attorney-client relationship with Defendants, and Defendants undertook to and did represent Plaintiff in the case: *Anita Berwind Strawbridge Pellet v. Benoit Jean Francois Xavier Pellet,* District Court of Teton County, Ninth Judicial District, Civil Action No. 18043.

8. Plaintiff's primary language is French, not English. Plaintiff informed Defendants that his primary language was French, and not English.

9. On February 17-19, 2021, Defendants represented Plaintiff at a divorce mediation.

10. On February 19, 2021, at the conclusion of mediation, Plaintiff, represented by Defendants, executed a divorce mediated settlement agreement which was negotiated and drafted, in whole or in part, by Defendants ("Settlement Agreement").

11. As herein after described, in connection with the mediation and the Settlement Agreement, Defendants improperly and negligently represented Plaintiff. Defendants' representation failed to meet the standard of care applicable to attorneys practicing law in Wyoming. Plaintiff was injured by Defendants' improper and negligent representation of him.

12. Among Defendants' errors and omissions, Defendants failed to have a French translator present for Plaintiff at the mediation. As a result, Plaintiff did not fully or completely understand all aspects of the mediation and/or all the effects, terms and conditions of the Settlement Agreement.

13. Among Defendants' errors and omissions, Defendants, in connection with the mediation and Settlement Agreement, failed to associate with French legal counsel and, therefore, Defendants lacked an accurate understanding of French law and its impact on certain property, or property rights, intended for Plaintiff under the Settlement Agreement. Among other issues, Defendants lacked a proper knowledge of French property law, French tax law, French law pertaining to SCI's and French law pertaining to ownership of motor vehicles.

14. Among Defendants' errors and omissions, Defendants, in connection with the mediation and Settlement Agreement, failed to properly or adequately advise Plaintiff regarding, and failed to negotiate for, traditional and/or customary legal terms and conditions for a structured or delayed payment arrangement including, but not limited to, such terms and

conditions as interest, penalties, and security. As a result, such terms and conditions were not discussed and are omitted from the Settlement Agreement, ultimately resulting in damage to Plaintiff due to Strawbridge's non-compliance with the payment terms of the Settlement Agreement.

15. Among Defendants' errors and omissions, Defendants failed to properly negotiate and/or draft the Settlement Agreement with traditional or customary protective or conditional language in order to protect Plaintiff in the event certain third parties, Plaintiff's children, failed to consent to the allocation and transfer to Plaintiff of certain property, or property rights, held by them and intended for the Plaintiff under the Settlement Agreement.

16. Among Defendants' error and omissions, Defendants failed to ensure inclusion in the Settlement Agreement of certain agreed upon material terms including, but not limited to, a $100,000.00 payment negotiated and promised to Plaintiff.

17. As a consequence of Defendants' wrongful acts and omissions, Plaintiff did not receive the full benefit of the intended allocation of property under the Settlement Agreement and therefore Plaintiff was injured in an amount to be proven at trial, but not less than $1.0 Million Dollars.

18. For the above reasons, Defendants are liable to Plaintiff in an amount to be determined, together with interests and costs.

## COUNT I – PROFESSIONAL NEGLIGENCE

19. Plaintiff incorporates by reference each of the allegations contained in all of the preceding paragraphs of this Complaint.

20. As attorney's representing Plaintiff, Defendants owed Plaintiff duties to act reasonably and prudently and consistent with the standard of care applicable to all attorneys practicing law in Wyoming, and to provide proper representation to Plaintiff.

21. Defendants breached their duties by, inter alia, failing to exercise the reasonable care and skill owed to Plaintiff.

22. Defendants' failure to exercise the reasonable care and skill owed to Plaintiff resulted in damages to Plaintiff in an amount to be established at trial.

23. As a direct and proximate cause of the Defendants' breaches of duties, Plaintiff was damaged in an amount to be determined at trial together with interests and costs.

## COUNT II – BREACH OF CONTRACT

24. Plaintiff incorporates by reference each of the allegations contained in all of the preceding paragraphs of this Complaint.

25. By their engagement agreement, Defendants entered into a contract with Plaintiff and undertook to properly represent Plaintiff in connection with all aspects of his divorce.

26. The terms of the parties' contract was defined by the written engagement and by the Rules adopted by the Wyoming Supreme Court, including those Rules governing professional standards, duties and obligations of an attorney licensed to practice law in Wyoming, which Defendants owed to Plaintiff.

27. As alleged herein above, Defendants breached their obligations and duties owed to Plaintiff and thereby breached their contract with Plaintiff, resulting in damage to Plaintiff.

28. As a direct and proximate cause of Defendants' breaches of contract, Plaintiff was damaged in an amount to be determined at trial together with interest and costs.

## COUNT III – RESPONDEAT SUPERIOR

29. Plaintiff incorporates by reference each of the allegations contained in all of the preceding paragraphs of this Complaint.

30. At all times mentioned, Pence and MacMillan is the employer of O'Connell.

31. As employer, Pence and Macmillan owed Plaintiff a duty to supervise, manage and control the practice of law by O'Connell.

32. Pence and MacMillan failed to properly or adequately supervise, monitor, oversee, manage or control O'Connell in regard to her representation of Plaintiff, resulting in damages to Plaintiff.

33. As a direct and proximate cause of Pence and MacMillan's breaches of duties, Plaintiff was damaged in an amount to be determined at trial together with interests and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Benoit Jean Francois Xavier Pellet demands judgement against the Defendants Pence and MacMillan, LLC and Devon O'Connell, Esq, joint and several, as follows:

1. WITH RESPECT TO COUNT I, that the Court find Defendants liable, joint and several, and award Plaintiff an amount to be determined together with interests and costs;

2. WITH RESPECT TO COUNT II, that the Court find the Defendants liable, joint and several, and award Plaintiff an amount to be determined together with interest and costs;

3. WITH RESPECT TO COUNT III, that the Court find the Defendants Pence and MacMillan liable and award Plaintiff an amount to be determined together with interests and costs;

4. THAT the Court award Plaintiff all other relief as is just.

## JURY DEMAND

Plaintiff requests trial by jury.

DATED this 14th day of February 2023.

>Respectfully Submitted,
>Benoit Jean Francois Xavier Pellet,
>By Counsel,
>
>_____
>J. Austin Dunlap
>WSB 7-4586
>PO Box 4803
>Jackson, WY 83001
>307-690-8568
>307-316-8101
>austindunlap@gmail.com